UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02770-RGK-AJR | Date | April 16, 2024 |
|---|---|---|---|
| Title | ***EILBRA KHANGALDIAN v. WAL-MART ASSOCIATES, et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy

On March 7, 2024, Eilbra Khangaldian ("Plaintiff") filed a Complaint against Wal-Mart Associates, et al ("Defendants"), alleging claims for wrongful termination and violations of state employment-related statutes. On April 5, 2024, Defendants removed the action to this Court on the basis of diversity jurisdiction. Upon review of Defendant's Notice of Removal, the Court hereby **ORDERS** Defendant to **SHOW CAUSE, in writing,** that the amount in controversy is satisfied.

Pursuant to 28 U.S.C. 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02770-RGK-AJR | Date | April 16, 2024 |
|---|---|---|---|
| Title | *EILBRA KHANGALDIAN v. WAL-MART ASSOCIATES, et al* | | |

Here, Plaintiff seeks compensatory damages, civil penalties, attorneys' fees, and punitive damages. In support of removal, Defendant calculated Plaintiff's wage to be $17.69 an hour. Since Plaintiff was terminated on August 28, 2023, she is owed at most, backpay as high as $19,812.80. She also claims civil penalties in the amount of $4,250, for a total of $24,062.80—far less than the $75,000 threshold. Defendants attempt to make up this difference by relying on Plaintiff's request for emotional distress damages ($19,812.80), punitive damages (one to four times actual damages), and attorney's fees and costs (between $50,000 and $100,000). However, these estimates are speculative. Defendant does not provide any support for its assumptions.

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **SHOW CAUSE, in writing,** that the amount in controversy is satisfied. Such a response shall not exceed **five pages** and must be submitted within **seven days** of this Order's issuance.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/vc |